**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHERON COOK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WESTAMERICA BANK,

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Sheron Cook ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Westamerica Bank ("Westamerica") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

**PARTIES**

1. Plaintiff Sheron Cook is a resident of Vallejo, California, and at all times mentioned herein was, a citizen of the State of California.

2. Defendant Westamerica Bank is, upon information and belief, a corporation organized under the laws of California with a principal place of business at 1108 Fifth Avenue, San Rafael, California 94901. Westamerica conducts business in this District and throughout the United States.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Defendant is headquartered within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A. The Telephone Consumer Protection Act Of 1991**

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B. Defendant's Calls to Plaintiff and Class Members**

9. Defendant called Plaintiff from the telephone number (707) 863-6210 using an autodialer without her prior express written consent on multiple occasions, including a call on April 1, 2019 at 3:16pm PST.

10. When Plaintiff answered the call(s), Defendant's representative informed her that they were looking for a person with a different name—not Plaintiff—regarding an outstanding debt.

11. When Plaintiff answered Defendant's call(s), she also heard a significant pause. This pause is a hallmark of a predictive dialer. According to the Federal Communications

Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

12. Plaintiff was not the intended recipient of Westamerica's autodialed call. Upon receiving the call, Plaintiff informed the caller that she was not the person they were looking for and asked that she not be called again.

13. Plaintiff is not a customer of Defendant and has no prior relationship with Westamerica. Plaintiff does not owe any debt to Westamerica.

14. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed calls are being made to consumers' telephones through their own efforts and those of its agents.

15. Defendant knowingly made (and continues to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

**C. Complaints Regarding Defendant's Unsolicited Calls**

16. Online consumer complaints regarding Defendant's unsolicited autodialed calls are legion:

- "called at 6 PM asked for me by first name. then immediately asked for a Jose. I asked who is that supposed to be? Answer: we have 3 different names . . . for Jose or Mica Lyon. I asked again who is that supposed to be? Lady wished me a wonderful day and hung up. Blocked the #. . . . . . . . ."[1]
- "We got a call from this number saying it was West America Bank. Has to be a fraud!"[2]
- "707-863-6210 called yesterday and today . . . will not leave a message on answering machine . . . . ID says 'CALIFORNIA CALL' . . . . Since they refuse to

[1] https://www.whycall.me/707-863-6210.html
[2] *Id.*

leave a message, I've just added them to my call blocker device, so from now on, our phone will automatically hang up on them after the first ring." [3]

- "707-863-6210 called today . . . Caller ID showed CALIFORNIA CALL. I don't know anyone in Area Code 707, so I did not answer, figuring it's probably just another telemarketer. . . . They left no message on my answering machine."[4]
- "707-863-6210 called AGAIN today . . . again no message was left . . . well, say hello to my call blocker . . . from now on you are going to get hung up on automatically after the first ring! : )" [5]
- "We received similar call from this number. They left a message to contact on another 800 line. Even said it was not concerning us but gave our mother-in-law's name!" [6]
- "There is not voice on the other end."[7]

17. These complaints represent just a small sampling of voluminous customer complaints regarding Westamerica's practices and clear violations of the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a phone call on his or her cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Plaintiff represents, and is a member of, these proposed class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

---

[3] *Id.*
[4] https://800notes.com/Phone.aspx/1-707-863-6210
[5] *Id.*
[6] *Id.*
[7] https://www.callercenter.com/707-863-6210.html

21. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing phone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23. The proposed class can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

a. Whether Defendant made phone calls to Plaintiff and class members using an ATDS without prior express consent;

b. Whether Defendant's conduct was knowing and/or willful;

c. Whether Defendant is liable for damages, and the amount of such damages, and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received phone calls on their telephones sent using an ATDS without their prior express written consent. Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Class wide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the phone callsat issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize transmissions to their telephones.

32. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

33. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to the provisions of 47 U.S.C. § 227(b)(1)(A).

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every phone callsent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227, *et seq*.**

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the provisions of 47 U.S.C. § 227(b)(1)(A).

41. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every phone call sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every phone call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every phone call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

f. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: June 20, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *\/s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com

*Attorney for Plaintiff*